**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff - Appellee,<br><br>v.<br><br>JOHNNIE LEE JOHNSON,<br><br>     Defendant - Appellant. | No. 23-574<br><br>D.C. No.<br>3:22-cr-01549-CAB-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 10, 2024[**]
Pasadena, California

Before: W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

Defendant-Appellant Johnnie Lee Johnson was convicted of two counts of

transporting illegal aliens into the United States for purposes of financial and

commercial gain and two counts of transporting the same two illegal aliens into the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

United States without presentation to an immigration officer. 8 U.S.C. § 1324(a)(2)(B) (ii)–(iii); 18 U.S.C. § 2. Johnson was sentenced to 36 months' imprisonment. He timely appealed his conviction, claiming the prosecutor prejudicially misstated the law during closing argument. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

This Court reviews "claims of prosecutorial misconduct for plain error when the defendant did not object at trial, and for abuse of discretion when the district court denied an objection to closing argument." *United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001). Under either standard, reversal is warranted only if it is "more probable than not that the misconduct materially affected the verdict." *Id*. (citation omitted); *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).

The parties dispute whether defense counsel properly objected to the prosecutor's closing argument. Because Johnson's claim fails under either standard, we decline to decide which standard applies in this case.

At trial, prosecutors have "wide latitude" and "considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences from the evidence." *United States v. Wilkes*, 662 F.3d 524, 538 (9th Cir. 2011) (citation omitted). "Criticism of defense theories and tactics is a proper subject of closing argument," *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997), and a

prosecutor is allowed to comment on "the strength of the defense on the merits." *United States v. Nobari*, 574 F.3d 1065, 1079 (9th Cir. 2009).

Here, the prosecutor did not misstate the law during closing argument. The statement that the defense "can't have it both ways" regarding whether the jury should credit only the part of a witness's testimony that supports the defense is not a statement of a legal rule. The statement does not contradict the instruction the jury received that clearly stated that the jury could find all, none, or parts of a witness's testimony credible.

Even assuming error, it was harmless. *See United States v. Navarro*, 608 F.3d 529, 535–36 (9th Cir. 2010) ("[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge.").

**AFFIRMED.**